## BELDEN v. THE STATE OF OHIO.

*Board of health — Abatement of nuisances — Sufficiency of notice to owner or occupant of premises — Prosecution for failure to obey order — Sufficiency of affidavit and proof — Sections 4413, 4414 and 4420, General Code — Constitutional law.*

1. A violation of a statutory offense may be charged in the language of the statute.

2. In a prosecution for the violation of an order of the board of health the following must be proved: first, venue; second, the service of an order upon the defendant as owner or otherwise; third, a failure on his part to comply therewith; and, fourth, that at the time there in fact existed a nuisance to which the order was directed and which he failed to obey.

3. Sections 4413 and 4414, General Code, relating to orders and regulations by a board of health of a municipality and prescribing a penalty for violations thereof, must be construed with Section 4420, General Code, authorizing the abatement of nuisances, and an order of a board of health to abate a nuisance need not be accompanied with the proceedings referred to in the second sentence of Section 4413, General Code.

4. Section 4414, General Code, is constitutional.

(Decided April 27, 1917.)

ERROR: Court of Appeals for Summit county.

*Messrs. Slaybaugh, Seiberling & Huber,* for plaintiff in error.

*Mr. S. D. Kenfield,* for defendant in error.

LIEGHLEY, J.   The defendant below was prosecuted and convicted in the police court of the city of Akron for the violation of an order of the Board of Health.   Error was prosecuted from said court to the common pleas court of Summit county to reverse the judgment of the police court, which resulted in a judgment of affirmance.   Error is prosecuted to this court to reverse the judgments below.

On the 25th day of March, 1916, the defendant was served by an officer of the board of health of the city with the following order:

"AKRON, O., *March 25, 1916.*
"Office of THE BOARD OF HEALTH, City Hall.
"To C. N. Belden, owner, agent or occupant of premises known as No. 336 S. Broadway Street, Second Ward, Akron, Ohio.

"You are hereby notified and required to have abated within two (2) days from date of the service hereof, a certain nuisance on the above described property, arising from the very unsanitary condition of the premises.   This building must be cleaned up in general from cellar to attic, and the building closed up from the public.
          "By order of THE BOARD OF HEALTH,
                    "A. H. KOHLER, *Health Officer.*
"Served by B. F. FORCE, *Sanitary Inspector.*"

On the 28th day of March, 1916, the defendant was arrested for the violation and omission to obey said order, upon an affidavit in which the above order was copied *in haec verba.*   It is claimed that at the trial the court erred, in that the three health

board officers were permitted to express an opinion as to the sanitary or unsanitary condition of the building. Whether or not the condition of the building is a subject-matter of opinion-evidence is immaterial in the determination of this question, for the reason that the undisputed testimony discloses that the building was open; that at the first visit there were three loafers in the building; that upon the floor fecal matter was lying; that the building was so odoriferous that the offensive odors were detectible from the sidewalk in front thereof. This undisputed proof is sufficient to warrant the finding that the building was unsanitary.

It is further urged that the affidavit in question is insufficient in that it lacks definiteness. In the order served upon the defendant he was notified of a nuisance said to exist at the time in the building, and this nuisance characterized as an unsanitary condition. This notice was incorporated in the affidavit. The terms "nuisance" and "unsanitary condition" have definite meanings. Authorities are numerous to the effect that a violation of a statutory offense may be charged in the language of the statute. This affidavit does more, and is in our judgment sufficiently definite to apprise the defendant of the charge against him.

It was said at the hearing that the crime consisted alone in the violation and refusal to obey the order. With this claim we do not agree. It is essential to the conviction of one charged with this offense that there be proven: first, venue; second, the service of an order upon the defendant as owner or otherwise; third, a failure on his part to

comply therewith; fourth, that at the time there in fact existed a nuisance to which the order was directed and which he failed to obey. In this case there is proof in support of all these requisites.

Further it is alleged that there was failure of proof to support a conviction, for the reason that the proof failed to show proceedings of the board of health as stated in the second sentence in Section 4413, General Code. Section 4420, General Code, imposes the duty upon the board of health to abate and remove nuisances, and provides that said board may do so by order therefor upon the owner, and by order compel the owner to abate the same, and may prosecute him for neglect or failure to obey the order. It is our judgment that such order need not be accompanied with the proceedings referred to in the second sentence of Section 4413, General Code. If such an order to make the same effective required advertisement, etc., in the same manner as ordinances require, the result would be the perpetuation of the nuisance for a period of time rather than immediate abatement. Sections 4413 and 4414 should be read with reference to Section 4420.

It was also urged that the time intervening from March 25 to March 28 was insufficient. The proof discloses no attempt on the part of the defendant to comply with the order except the sprinkling of lime upon the floors. One who permits a building in the densely populated section of a city, or the business portion thereof, to develop a condition such as the undisputed proof shows in this case, to an extent that offensive odors emanate therefrom and are even noticeable from the sidewalk, should not

complain that only three days are allowed for the compliance with the order. If direct heed had been given to the order, the defendant would have discovered this condition, and discovering it he should have been aroused to immediate action in behalf of the public health. It is evident that the order had no such effect upon him, and the authorities were justified in the prosecution,

It is claimed that Section 4414, General Code, is unconstitutional. Nuisances in cities must be abated. Some citizens are so inconsiderate that they must be compelled to abate nuisances created or permitted by them. The legislature recognized this fact and imposed this duty upon the board of health, and provided the method whereby the same may be accomplished. It may be done either by an order, or, upon notice to the owner, by the board abating the nuisance itself and charging back the cost thereof. The board adopted the order plan in this case. By Section 4414 the penalty for failure to comply with the order is provided. As stated before, necessity requires this authority to be placed somewhere and means provided by which it shall be enforced. We are of the opinion that this section is constitutional.

The judgment is affirmed, with costs to be assessed against the plaintiff in error.

*Judgment affirmed.*

GRANT and CARPENTER, JJ., concur.